UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WESTLEY CHRISMAN, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No.: 3:07-CV-333 |
| | ) | (VARLAN/GUYTON) |
| COUNTRYWIDE HOME LOANS, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on Defendants' Motion to Strike Class Action Allegations. [Doc. 14.] In their motion, Defendants Countrywide Home Loans, Inc., and Countrywide Home Loans Servicing, LP ("Defendants") ask the Court to strike all class action allegations contained in Plaintiffs Westley and Linda Chrisman's ("Plaintiffs") complaint. [Docs. 1, 14, 15.] Plaintiffs have responded in opposition to Defendants' motion. [Doc. 21.] Additionally, the parties have submitted additional briefs and supporting materials in support of their positions on this matter. [Docs. 22, 26, 28.] Defendants' motion [Doc. 14] is now ripe for determination.

The Court has carefully considered the motion and the relevant supporting materials [Docs. 14, 15, 21, 22, 26, 28] in light of the entire record and relevant law. For the reasons set forth herein, Defendants' Motion to Strike Class Action Allegations [Doc. 14] will be **DENIED**.

I. **RELEVANT FACTS**

On March 18, 2005, Plaintiffs filed suit against Defendants making several claims based on Defendants' loan servicing practices. The case ("*Chrisman I*") was assigned to the Honorable James H. Jarvis. Plaintiffs' complaint included class action allegations. [Case No.: 3:05-cv-150, Doc. 1 at ¶¶ 149-61.] In their Joint Report of Rule 26(f) Planning Meeting, the parties agreed to bifurcating discovery to first address the class action issue, and a modified scheduling order outlining the dates and deadlines regarding the class action issue was entered. [Case No.: 3:05-cv-150, Docs. 20 at 2; 22.] After Plaintiffs filed a motion for an extension of time, scheduling order deadlines were extended by forty (40) days. [Case No.: 3:05-cv-150, Docs. 28, 30.] After Plaintiffs failed to file any class certification motions by the Court-ordered deadlines, Defendants moved to strike the class action allegations on September 13, 2006. [Case No.: 3:05-cv-150, Doc. 38.] On September 25, 2006, the parties stipulated that the case be voluntarily dismissed without prejudice. [Case No.: 3:05-cv-150, Doc. 40.] On September 4, 2007, Plaintiffs filed the present suit against Defendants ("*Chrisman II*") and included class action allegations in their complaint. [Doc. 1.] Defendants subsequently filed the present pending motion to strike all class actions contained in the complaint. [Doc. 14.]

## II. ANALYSIS

Defendants request that the Court strike the class action allegations based on the discretion provided by Federal Rule of Civil Procedure 23(c). Rule 23(c) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). In support of their motion, Defendants argue that Plaintiffs surrendered their class claims when they failed to comply with the class certification motion deadlines in *Chrisman I*. [Doc. 15 at 1.] Defendants also contend that Plaintiffs are inadequate class representatives under Federal Rule of Civil Procedure 23(a)(4) because of their conduct in *Chrisman I*, namely, their failure to comply with class certification deadlines. Defendants also argue that no prejudice will occur in striking the class action allegations because Plaintiffs are free to pursue their individual claims against the Defendants.

Plaintiffs respond that their failure to meet deadlines in *Chrisman I* was due Defendants' failure to cooperate in discovery, which forced them into the position of asking for additional time. Plaintiffs contend that *Chrisman I* was dismissed "without prejudice." Thus, if Defendants wanted prejudice to apply to the refiling of the case, they should have sought relief instead of stipulating to dismissal without prejudice. Furthermore, Plaintiffs contend that the issue of class action representativeness and adequacy of counsel is being prematurely raised and cannot be appropriately addressed until the parties are afforded an opportunity to complete discovery concerning class certification. Plaintiffs also argue that

Defendants' motion fails to meet the requirements of Federal Rules of Civil Procedure 12(f) and 7(b), so the motion should be denied.

The Federal Rules of Civil Procedure provide that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). As to the effect of such a dismissal, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). The Eighth Circuit has recognized that "[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought." *In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977). Likewise, the First Circuit has found that "[a]bsent explicit conditions to the contrary . . . a voluntary dismissal under Fed. R. Civ. P. 41(a) wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action." *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990).

In *Chrisman I*, the parties' stipulation of voluntary dismissal did not include any explicit conditions regarding the class action allegations. The stipulation merely states, "Come now the parties, by counsel, pursuant to Rule 41(a)(1) and hereby stipulate that this matter shall be voluntarily dismissed without prejudice." [Case No.: 3:05-cv-150, Doc. 40.] In light of the law discussed above and the absence of explicit conditions to the contrary, the Plaintiffs' failure to comply with class certification deadlines in *Chrisman I* has no effect in *Chrisman II*.

The Court notes that the present case is distinguishable from those where "the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (citations omitted). In *Robinette*, the district court in the first lawsuit had thoroughly analyzed and decided the issue of immunities on all claims, so the orders as to those issues were considered valid and final for purposes of precluding further litigation on the issues. *Id.* at 589-90. By contrast, Defendants' motion to strike class action allegations was never ruled upon in *Chrisman I* due to the stipulated voluntary dismissal, so the litigation in *Chrisman I* had not reached the stage of finality contemplated by cases like *Robinette*. [Case No.: 3:05-cv-150, Docs. 38, 40.]

In light of the effect of voluntary dismissal without prejudice, the Court finds that addressing the issue of whether Plaintiffs are adequate class representatives premature at this time. Defendants rely on Plaintiffs' failure to comply with deadlines in *Chrisman I* as the basis for finding them inadequate to represent the class, but, as discussed above, "a voluntary dismissal under Fed. R. Civ. P. 41(a) wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action." *Sandstrom*, 904 F.2d at 86. Thus, the Court declines to consider acts and events in the "unrelated" lawsuit of *Chrisman I* to strike class action allegations in *Chrisman II*. To do otherwise would simply contravene the policy of Federal Rule of Civil Procedure 41 and the notion of dismissal "without prejudice." *See In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d at 220.

### III. CONCLUSION

Accordingly, the Court hereby **DENIES** Defendants' Motion to Strike Class Action Allegations. [Doc. 14.]

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE