UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| WESTLEY CHRISMAN and | ) | | |
| LINDA P. CHRISMAN, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No: | 3:07-CV-333 |
| | ) | | (VARLAN/GUYTON) |
| COUNTRYWIDE HOME LOANS, INC., and | ) | | |
| COUNTRYWIDE HOME LOANS | ) | | |
| SERVICING, LP, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on defendants' Motion to Strike Class Action Allegations [Doc. 46], in which defendants seek to strike the class action allegations in plaintiffs' complaint. Plaintiffs have filed a response in opposition [Doc. 49]. Defendants have filed a reply to the response [Doc. 50]. This matter is now ripe for the Court's consideration.

On January 27, 2009, this Court issued a Scheduling Order Regarding Potential Class Certification [Doc. 41], in which the Court adopted and set forth the class certification deadlines proposed by the parties [*see* Doc. 47]. Defendants argue in the motion to strike that plaintiffs "failed to comply with each of the Court's class certification-related deadlines," "culminating in [plaintiffs'] failure to file a motion for class certification by

September 1, 2009" [*Id.*]. Defendants contend that this failure warrants the striking of the class action allegations in plaintiffs' complaint.

Since the filing of defendants' motion to strike, the magistrate judge has resolved several discovery-related disputes that inform the analysis of the issue presently before the Court. In ruling on plaintiffs' Motion to Amend Scheduling Order [Doc. 51], the magistrate judge held that the plaintiffs "have failed to demonstrate that they could not meet the deadlines contained in the Scheduling Order Regarding Potential Class Certification . . . with an exercise of reasonable diligence" [Doc. 62]. The magistrate judge further held that the plaintiffs "have failed to show good cause either for the failure to comply with the scheduling order or the failure to timely file the Motion to Amend," noting that the "evidence before the Court indicates only dilatory conduct in pursuing this case" [*Id.*]. The magistrate judge finally found that defendants would be prejudiced were the Court to amend the scheduling order to permit an extension of the discovery deadlines in this case [*Id.*].

Moreover, in ruling on plaintiffs' Motion to Deem Defendants' 26(a) Initial Disclosures Insufficient [Doc. 64], the magistrate judge noted that the plaintiffs "received the initial disclosures . . . at issue over eleven months before they filed their motion objecting to the initial disclosures' content" [Doc. 67]. The magistrate judge noted further that "the eleven months that elapsed before this motion was filed grossly exceed the time required to confer and attempt to resolve such issues" [*Id.*]. The magistrate judge explained finally that, in permitting "all seven of the deadlines set for discovery and briefing in this matter to expire before taking issue with the initial disclosures," plaintiffs "acted in a dilatory manner in

2

bringing the instant motion" [*Id.*]. The magistrate judge held on this basis that the motion to deem the initial disclosures insufficient appeared "inequitable and inappropriate based upon its timing alone" [*Id.*].

The Court finds that dismissal of the class action allegations in this case is thus appropriate under Federal Rule of Civil Procedure 41(b).[1] Rule 41(b) provides that "a defendant may move to dismiss . . . any claim against it" "[i]f the plaintiff fails to . . . comply with . . . a court order." *See Sexton v. Uniroyal Chem. Co., Inc.*, No. 01-5772, 2003 WL 1870918, at *3 (6th Cir. Apr. 8, 2003) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)) ("Rule 41(b) provides courts the authority . . . to dismiss a claim for 'failure of the plaintiff to . . . comply with . . . any order of the court.'"). The Scheduling Order referenced above required that the parties "abide by the . . . schedule and discovery limitations" set forth in that Order [Doc. 41]. In light of the well-reasoned findings of the magistrate judge, which detail the total failure of the plaintiffs to comply with the Scheduling Order, the Court finds dismissal of the class action allegations in plaintiffs' complaint to be warranted pursuant to Rule 41(b). *See Lee v. Dell Prods., L.P.*, 236 F.R.D. 358, 362 (M.D. Tenn. 2006) ("[T]he passage of the date for filing a motion to certify the action as a class action without the plaintiffs' actually filing any such motion terminated the action as a class action from that day forward.").

---

[1] The Court notes that motions to strike, as defendants have styled the present motion, are ordinarily brought under Federal Rule of Civil Procedure 12(f), which permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court treats defendants' motion to strike the class action allegations in this case as one to dismiss under Rule 41(b) for the reasons outlined below.

The Court is not persuaded by plaintiffs' arguments that such relief is inappropriate in this case. Plaintiffs first argue that the Court cannot strike the class action allegations in the complaint under either Federal Rule of Civil Procedure 12(f) or 23(d)(1)(D).[2] Because the Court dismisses these allegations pursuant to Rule 41(b), plaintiffs' arguments are immaterial. Plaintiffs next argue that the motion to strike is premature, because it was filed before the class certification issue was decided. As defendants correctly explain, however, their motion to strike is a procedural one based upon plaintiffs' failure to adhere to the relevant class certification deadlines, not a substantive one based upon alleged deficiencies or errors in the certification decision. The motion is not untimely for that reason. Finally, plaintiffs allege a variety of discovery deficiencies on the part of defendants. These issues have been resolved by the magistrate judge and, in any case, do not provide plaintiffs with sufficient grounds to avoid compliance with the Scheduling Order. *See Price v. United Guar. Residential Ins. Co.*, No. Civ.A.3:03-CV-2643-G, 2005 WL 265164, at *5 (N.D. Tex. Feb. 2, 2005) (existence of a "discovery dispute between the parties did not excuse [plaintiff] from ignoring the deadline to move for class certification"). Dismissal of plaintiffs' class action allegations in this case is therefore appropriate.

Accordingly, defendants' Motion to Strike Class Action Allegations [Doc. 46] is hereby **GRANTED**. This Court **DISMISSES** in their entirety the allegations set forth in

---

[2] The relevant text of Rule 12(f) is reproduced *supra* note 1. Rule 23(d)(1)(D) provides that, "[i]n conducting an action under [Rule 23], the court may issue orders that require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly . . . ."

plaintiffs' complaint at paragraphs 108-120.  This Court also **DISMISSES** the allegations set forth in plaintiffs' complaint at paragraphs 2, 6, 7, 8, 23, 29, 31, 39, 44, 47, 48-51, 59, 63-65, 68, 79, 90, 96-100, 103-107, 121-147, 149-157, 160-163, 166-167, 169-174, 176-185, 190, 192-199, 201-202, 208, and 211 to the extent those allegations refer to a putative class.  This Court also **DISMISSES** the requests for relief set forth in plaintiffs' complaint at pages 42-43.

    IT IS SO ORDERED.

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE